**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **CR. NO.__2:07-CR-223____** |
| | ) | |
| **ELIZABETH ANN GRANVILLE** | ) | |
| a/k/a Elizbeth Granvile | ) | |
| | ) | |

**PLEA AGREEMENT**

**DEFENSE COUNSEL:**              **FDO MICHAEL PETERSEN**

**ASSISTANT U.S. ATTORNEY:**        **NATHAN D. STUMP**

**COUNTS AND STATUTES CHARGED:**

Count 1        18 U.S.C. §§ 641 and 2
               Theft of Government Property

Count 2        18 U.S.C. § 1028A(a)(1)
               Aggravated Identity Theft

**COUNTS PLEADING PURSUANT TO PLEA AGREEMENT:**

Count 1        18 U.S.C. §§ 641 and 2
               Theft of Government Property

Count 2        18 U.S.C. § 1028A(a)(1)
               Aggravated Identity Theft

**PENALTIES BY COUNT - MAXIMUM PENALTY:**

Count 1        18 U.S.C. §§ 641 and 2
A term of imprisonment which may not be more than 10 years, a $250,000 fine, or both the fine
and the imprisonment; a term of supervised release of no more than 3 years; an assessment fee of
$100.00; and restitution to any victim of the offense.

Count 2        18 U.S.C. § 1028A(a)(1)
A term of imprisonment of 2 years in addition to the punishment provided for in Count 1.

**ELEMENTS OF THE OFFENSE:**

Count 1        18 U.S.C. §§ 641 and 2
For the defendant to be found guilty of the offense charged in Count 1, the United States must prove beyond a reasonable doubt that (1) the defendant voluntarily, intentionally and knowingly embezzled, stole, or converted money or things of value to her own use; (2) the money or things of value belonged to the United States and had a value in excess of $1000; and (3) the defendant did so with intent to deprive the owner of the use or benefit of the money or thing of value so taken.

Count 2        18 U.S.C. § 1028A(a)(1)
For the defendant to be found guilty of the offense charged in Count 2, the United States must prove beyond a reasonable doubt that the defendant (1) knowingly used (2) the social security number of another person (3) without lawful authority (4) during and in relation to the violation alleged in Count 1.

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

With the authorization of the defendant, the parties to this action have entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment. As a result of those discussions, the parties have reached a Plea Agreement. This Plea Agreement is being submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and both the Government and the defendant understand that, in accordance with that Rule, if the Court should decide not to follow the recommendation in the Plea Agreement, the defendant has the right to withdraw her plea of guilty.

The specific terms of the Plea Agreement are as follows:

<strong>GOVERNMENT'S PROVISIONS</strong>

1.        The Government agrees that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct. The determination of whether the defendant merits this reduction is at the sole discretion of the United States.

2.      The Government agrees to recommend a sentence at the low end of the applicable Guidelines range.

3.      The Government agrees not to pursue any other criminal charges against the defendant stemming from the facts that support the defendant's conviction in this case.

4.      The Government reserves the right to inform the Court and the United States Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## DEFENDANT'S PROVISIONS

5.      The defendant agrees to plead guilty to Counts 1 and 2 of the Indictment.

6.      The defendant further agrees not to commit any other federal, state, or local offense while awaiting sentencing.  The determination of whether the defendant's conduct is a violation of this provision is at the complete discretion of the Government.

7.      Waiver of the Defendant's Right to Appeal or Collaterally Attack the Sentence.

        a.      *Defendant's Waiver.*  By entering into this Plea Agreement, the defendant knowingly and voluntarily waives any and all of her rights under 18 U.S.C. § 3742 to appeal the sentence in this case.  The defendant specifically waives her right to appeal the sentence on the grounds that the Sentencing Guidelines are in any respect unconstitutional, or that any fact found by the Court for sentencing was not alleged in the Indictment, admitted by the defendant, found by a jury, or found beyond a reasonable doubt.  The defendant further expressly waives her right to appeal the conviction and sentence on any other ground, including any challenge to the reasonableness of the sentence, and waives the right to attack the sentence in any post-conviction proceeding.

        b.      *Exceptions.*  This waiver does not include (and the defendant expressly reserves) the right to appeal on the grounds of ineffective assistance of counsel or prosecutorial

misconduct.  The defendant is released from this waiver if the Court applies an upward variance or departure, or if the Government files an appeal under 18 U.S.C. § 3742(b).

        c.      *No Waiver by Government.*  Nothing in this Plea Agreement affects the Government's right and duty to appeal the sentence imposed in the case, as set forth in 18 U.S.C. § 3742(b), or any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings.

## FACTUAL BASIS

        8.      The defendant admits the allegations charged in Counts 1 and 2 of the Indictment and understands that the nature of those charges involves proof of the following:

        a.      As to Count 1, that on or about December 23, 2005, in Montgomery County, within the Middle District of Alabama, the defendant, ELIZABETH ANN GRANVILLE, while aiding and abetting and while being aided and abetted by other persons, did embezzle, steal, purloin, and knowingly convert to her own use United States Treasury check number 2221 75512455, in the amount of $2,358.00.  The check had been issued to the defendant by the Federal Emergency Management Agency ("FEMA"), an agency within the United States Department of Homeland Security, for benefits in connection with Hurricane Katrina.  The defendant was not entitled to receive any such benefits, as she did not suffer any actual losses. The defendant nevertheless received, concealed, and retained the check with the intent to convert it to her use and gain, knowing it to have been embezzled, stolen, purloined and converted.  All in violation of Title 18, United States Code, Sections 641 and 2.

        b.      As to Count 2, that on or about September 30, 2005, during and in relation to the felony described in Count 1 of the Indictment, the defendant, ELIZABETH ANN GRANVILLE, knowingly used her daughter's Social Security Account Number without lawful authority.  All in violation of Title 18, United States Code, Section 1028A(a)(1).

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

9.      After conferring with her attorney and before entering a plea of guilty to Counts 1 and 2, the defendant advises the Court that she understands the following to be true:

a.      The defendant has the right to plead not guilty, the right to be tried by a jury, the right to the assistance of counsel at every stage of the proceedings, the right to confront and cross-examine witnesses against her, the right to call witnesses on her behalf, and the right not to be compelled to incriminate herself.  By entering a plea of guilty, the defendant waives all of those rights, and there will be no trial of any kind in this case.

b.      Upon entering a plea of guilty, the defendant may be asked questions about the offense to which the plea is entered.  Evidence of a plea of guilty later withdrawn, evidence of an offer to plead guilty to the crimes charged in the Indictment, or statements made in connection with and relevant to a guilty plea are not admissible against the defendant in any civil or criminal proceedings, except in a criminal proceeding for perjury or false statement, and only if the defendant makes a false statement under oath, on the court record, and in the presence of counsel.

c.      The United States Probation Office will prepare for the Court a pre-sentence investigation report, in which the Probation Officer will recommend a sentence based upon the calculated offense level and the defendant's criminal history, as well as any relevant conduct related to the offense to which the plea is offered.  The offense level and criminal history category calculated by the Probation Officer, as well as those ultimately determined by the Court, may differ from each other, or from what is projected by defendant's counsel or the Government.

d.      At sentencing, the Court will find by a preponderance of the evidence the facts used to determine the defendant's sentence.   For that purpose, the Court may consider any reliable evidence, including hearsay.

e.      The Government can only make a recommendation, which is not binding upon the Court, and if the Court does not accept the Government's recommendation, the defendant will be permitted to withdraw her plea.

f.      The maximum penalty allowed by law for conviction of the offense charged in Count 1 of the Indictment is 10 years in prison, a $250,000 fine, or both the fine and the imprisonment; 3 years on supervised release; and restitution to any victims of the offense.

g.      Count 2 of the Indictment carries with it a statutorily-mandated sentence of two years imprisonment.   Therefore, the defendant understands that there is no possibility of a sentence of probation in this case, and any sentence imposed by the Court will include a term of imprisonment of no less than two years.

h.      If the Court imposes a fine in this case, the defendant will be required to make an honest, good faith effort to pay the fine as directed by the Financial Litigation Section of the United States Attorney's Office.   To that end, the defendant will meet with a member of the Financial Litigation Section on the day of sentencing and complete a written personal financial statement, setting forth the defendant's assets and liabilities as of the date of the offense.   The defendant further understands that by completing the financial statement, she is representing that it is true and accurate to the best of her information, knowledge, and belief.

i.      Pursuant to 18 U.S.C. § 3013, the defendant will be ordered at sentencing to pay an assessment fee of $200.00, which will be due and payable to the Court immediately.

j.      There is no possibility of parole in the federal prison system, and if the Court sentences the defendant to a term of imprisonment, the defendant will likely serve all or substantially all of her prison sentence.

k.      This Plea Agreement is the result of prior discussions between the attorney for the Government and the attorney for the defendant.  Those discussions were all conducted with the defendant's authorization, knowledge, and consent.

l.      This Plea Agreement and the guilty plea to be entered by the defendant are voluntary and are not the result of any force or threats and were not induced by any promises, apart from what the parties have expressly agreed upon in this written Plea Agreement.

## REPRESENTATIONS OF THE PARTIES

10.      The undersigned attorneys for the Government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to Rule 11, Federal Rules of Criminal Procedure, as Amended.

11.      The attorney for the defendant represents to the Court that he has advised the defendant on all of the contents of this Plea Agreement, including specifically all of the provisions listed in Paragraph 9 herein, and that he is satisfied that the defendant adequately understands all of the contents of this Plea Agreement.

This 4th day of January, 2008.          Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

Nathan D. Stump
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama  36104
Tel:  (334) 223-7280

Fax: (334) 223-7135
Email: nathan.stump@usdoj.gov

I have read the Plea Agreement, understand the same, and agree that it accurately states both the representations that have been made to me and the conditions of the agreement that has been reached. I am satisfied that my attorney, Michael Petersen, Esq., has represented my interests in this matter competently and effectively. IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT.

_____          1/4/2008
ELIZABETH ANN GRANVILLE                   Date
Defendant

_____          1/4/2008
MICHAEL PETERSEN, Esq.                    Date
Attorney for the Defendant

8